ELECTRONICALLY FILED
Superior Court of California,
County of Imperial
05/05/2023 at 12:47:42 PM
By: Marissa Moran, Deputy Clerk

MARK S. POSARD (SBN: 208790)
mposard@grsm.com
JENNIFER M. HOLLY (SBN: 263705)
jholly@grsm.com
HEATHER T. DAIZA (SBN: 323272)
hdaiza@grsm.com

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants, NATIONAL EWP, INC.,
SIMON JOHNSON, and KEVIN SIMPSON

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF IMPERIAL

| | |
|---|---|
| MICHAEL MARTINEZ, an individual, and JUAN SANCHEZ, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL EWP, INC., a Nevada corporation, SIMON JOHNSON, an individual, KEVIN SIMPSON, an individual, and DOES I through 20, inclusive,<br><br>Defendants. | CASE NO. ECU002811<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>Complaint Filed: 03/10/2023<br>Dept.: 9<br>Judge: L. Brooks Anderholt |

Defendants NATIONAL EWP, INC., SIMON JOHNSON, and KEVIN SIMPSON ("Defendants"), hereby answer the Complaint by Plaintiffs MICHAEL MARTINEZ and JUAN SANCHEZ ("Plaintiffs") as follows:

### I.  GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Defendants generally and specifically deny each and every allegation of Plaintiff's Complaint, and further deny that Plaintiffs have been damaged in any sum, or at all, by reason of any act or omission of these answering Defendants.

## AFFIRMATIVE DEFENSES

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny generally each and every material allegation of Plaintiffs' unverified Complaint, and the causes of action contained therein. Defendants further deny, generally and specifically, that Plaintiffs, the purported class, or other allegedly aggrieved employees suffered any injury or damage whatsoever as a result of the alleged conduct of Defendants, or that Plaintiffs or other allegedly aggrieved employees are entitled to any relief against Defendants whatsoever as a result of Defendants' alleged conduct.

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Cause Of Action)

1. The unverified Complaint, and the purported causes of action contained therein, fail to state facts sufficient to constitute any cause of action against Defendants for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Laches/Waiver/Estoppel/Unclean Hands)

2. On information and belief, the unverified Complaint and the purported causes of action alleged therein are barred in whole or in part by the doctrine of laches, waiver, estoppel, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Statutory Administrative Remedies)

3. As a separate and affirmative defense to Plaintiffs' unverified Complaint, the class and collective claims therein are barred to the extent that Plaintiffs failed timely to exhaust any applicable administrative remedies, including PAGA prerequisites under California Labor Code section 2698, *et seq.*, and including but not limited to limited to those set forth in California Code of Civil Procedure sections 337, 338, 339, 340 and 343 and California Business and Professions Code section 17208.

///

///

## FOURTH AFFIRMATIVE DEFENSE

**(Waiver Under California Labor Code section 512)**

4. Plaintiffs' unverified Complaint and the purported causes of action stated therein are barred, in whole or in part, to the extent that Plaintiffs, the purported class, and/or other allegedly aggrieved employees waived any meal period under California Labor Code section 512(a).)

## FIFTH AFFIRMATIVE DEFENSE

**(Consent to Skipped Rest Breaks and Meal Periods)**

5. Plaintiffs' unverified Complaint and the purported causes of action stated therein are barred, in whole or in part, to the extent that Plaintiffs, the purported class, and/or other allegedly aggrieved employees consented in writing to be on duty during rest breaks and/or meal periods.

## SIXTH AFFIRMATIVE DEFENSE

**(Prohibition on Double Recovery)**

6. As a separate and distinct affirmative defense to Plaintiffs' unverified Complaint and the purported causes of action alleged therein, Defendants allege that, to the extent multiple penalties are sought for the same alleged violations, such claims are barred by the prohibition on double recovery and would constitute unjust enrichment. Defendants contend that such stacking of penalties constitutes unjust enrichment and is barred by the prohibition on double recovery.

## SEVENTH AFFIRMATIVE DEFENSE

**(Lack of Standing; Claims Not Suitable for Litigation on a Representative Basis)**

7. As a separate and distinct affirmative defense to Plaintiffs unverified Complaint and the purported cause of action alleged therein, Defendant alleges on information and belief that Plaintiff lacks standing to bring the cause of action stated in the unverified Complaint as a collective action, and that Plaintiff is not an adequate and proper representative for any group of allegedly aggrieved employees he seeks to represent.

///

///

**EIGHTH AFFIRMATIVE DEFENSE**

**(Claims Not Suitable for Litigation on a Representative Basis)**

8. As a separate and distinct affirmative defense to Plaintiffs' unverified Complaint and the purported causes of action alleged therein, Defendant alleges on information and belief that Plaintiffs' claims for penalties under California Labor Code section 2698, *et seq.* are not suitable for determination/litigation on a representative basis and that Plaintiff is not an adequate and proper representative of any putative class he seeks to represent.

**NINTH AFFIRMATIVE DEFENSE**

**(No Ascertainable Representative Group)**

9. Defendant alleges on information and belief that the unverified Complaint and each purported cause of action alleged therein are barred, in whole or in part, because there is no ascertainable representative group.

**TENTH AFFIRMATIVE DEFENSE**

**(Standing / Jurisdiction Regarding Certain California Labor Code Penalties)**

10. As a separate and distinct affirmative defense, Defendant alleges that the unverified Complaint, and each cause of action therein, or some of them, are barred because Plaintiff and some, or all, of the members of the putative class lack standing to bring this action for, and the court lacks jurisdiction to award, certain penalties sought in the Complaint, as such penalties may only be imposed in a proceeding brought by the California Labor Commissioner.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Maintain Required Records Under Labor Code Section 226 — Employee Failure to Accurately Record Time Worked)**

11. The Third Cause of Action alleged in the unverified Complaint for alleged failure to maintain accurate records in accordance with applicable law fails to the extent Plaintiff and/or members of the putative class, or some of them, failed to accurately record the time they actually worked and/or meal periods they took.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Maintain Required Records Under Section 226 — Lack of Knowledge)**

12. The Third Cause of Action alleged in the unverified Complaint for alleged failure to maintain accurate records in accordance with applicable law fails to the extent that Defendant was unaware of the failure on the part of Plaintiff and/or members of the putative class whom Plaintiff seeks to represent, or some of them, to accurately record time they actually worked, if it occurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(California Labor Code Section 2802 —No Obligation to Reimburse)**

13. As a separate and distinct affirmative defense, Defendant alleges that Defendant was not obligated to reimburse Plaintiff and/or members of the putative class for apparel or accessories worn by them, to the extent such items were usual and generally usable in the occupation.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(California Labor Code Section 2802 — Alleged Expenses Not Necessarily Incurred for Work)**

14. As a separate and distinct affirmative defense, Defendant alleges that some or all of the expenses allegedly incurred by Plaintiff and/or members of the putative class were not necessarily incurred in direct consequence of the discharge of their duties.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Less Than Maximum Award)**

15. As a separate and distinct affirmative defense to Plaintiffs' unverified Complaint and the purported causes of action alleged therein, Defendants allege, without conceding that any penalties are due, that if any liability under PAGA is found, then less than the maximum penalties authorized under PAGA should be imposed under the facts of this case because to do so otherwise would be unjust, arbitrary, and/or oppressive or confiscatory.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Additional Defenses)**

16. Defendants presently has insufficient knowledge or information upon which to

form a belief whether it may have additional, yet unstated, affirmative defenses. Defendants reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Equitable Relief)

17. Defendants allege on information and belief that the unverified Complaint provides no entitlement to equitable relief on any of the purported causes of action alleged because an adequate and complete remedy at law is available, to the extent the claims in the unverified Complaint give rise to any right to relief whatsoever.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Willfulness)

18. Plaintiffs' unverified Complaint and the purported causes of action stated therein are barred, in whole or in part, because Defendants did not willfully, intentionally, arbitrarily or without just cause deprive any person of wages to which they were entitled under California wage and hour laws.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment that:

1. Plaintiffs take nothing by way of their unverified Complaint;
2. Plaintiffs' unverified Complaint be dismissed with prejudice; and
3. For such other and further relief as the Court deems proper.

Dated: May 5, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By: *Jennifer M. Holly*
Mark S. Posard
Jennifer M. Holly
Heather T. Daiza
Attorneys for Defendants
NATIONAL EWP, INC.,
SIMON JOHNSON, and KEVIN SIMPSON

In Re: *Martinez, et al. v. National EWP, Inc., et al.*
Imperial Superior Court Case Number ECU002811

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the date below, I served the within documents:

**DEFENDANTS' ANSWER TO COMPLAINT**

[X] **Only by Electronic Transmission**: In compliance with California Rule of Court, Emergency Rule 12 Related to COVID-19 we will only by e-mailing the document(s) to the persons at the e-mail address(es) listed.

Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Jameson Evans, Esq.
Amanda M. Thompson, Esq.
EMPLOYEES FIRST LABOR LAW P.C.
1 S. Fair Oaks Avenue, Suite 200
Pasadena, California 91105

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 5, 2023 at Castro Valley, California.

Danielle Brodit-Terry

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-7-
**DEFENDANTS' ANSWER TO COMPLAINT**