Jonathan P. LaCour, Esq. (SBN: 285098)
jonathanl@pierrelacour.com
Lisa Noveck, Esq. (SBN: 316660)
lisan@pierrelacour.com
Jameson Evans, Esq. (SBN: 340954)
jamesone@pierrelacour.com
Amanda M. Thompson, Esq. (SBN: 347005)
amandat@pierrelacour.com
**EMPLOYEES FIRST LABOR LAW P.C.**
1 S. Fair Oaks, Suite 200
Pasadena, California 91105
Telephone:  (310) 853-3461
Facsimile:   (949) 743-5442

Attorneys for Plaintiffs, MICHAEL MARTINEZ and JUAN SANCHEZ, on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARTINEZ, an individual, and JUAN SANCHEZ, an individual, on behalf of themselves, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL EWP, INC., a Nevada Corporation, SIMON JOHNSON, an individual, KEVIN SIMPSON, an individual, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 3:23-cv-00837-RSHLR <br><br> **PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *[Filed concurrently herewith the Declaration of Jonathan LaCour, Esq. and Proposed Order]* <br><br> HEARING DATE:  July 11, 2025 <br> JUDGE: Hon. Robert S. Huie |

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE. SUITE 200
PASADENA, CALIFORNIA 91105

1

PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT

PLEASE TAKE NOTICE that on July 11, 2025, or as soon as this matter may be heard before the Honorable Robert S. Huie of the above entitled court located at 221 West Broadway San Diego, California 92101, Plaintiffs Michael Martinez and Juan Sanchez ("Plaintiffs") will and hereby do move the Court for an order:

- Granting preliminary approval of the proposed all-in, non-reversionary $240,000.00 class action settlement as described herein and as set forth in the parties' Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement Agreement") attached as Exhibit "A" to the Declaration of Jonathan LaCour filed concurrently herewith ("LaCour Decl.");

- Appointing CPT Group, Inc. ("CPT") as the Settlement Administrator to administer the settlement;

- Directing CPT to mail the Class Notice to the Class Members;

- Preliminarily approving Plaintiffs' request for attorneys' fees in an amount not to exceed 35% of the Adjusted Settlement Amount, reasonable costs and expenses of litigation not to exceed $3,343.36, as

2

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

well as a Class Representative Service Payment in an amount not to exceed $7,500.00; and

- Scheduling a hearing to consider final approval of the proposed settlement, at which final approval hearing the Court will also consider entry of a proposed final judgment; Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses; and the Class Representative Enhancement Payment.

This motion is based on the following memorandum of points and authorities; the Declaration of Jonathan LaCour in support thereof; the [Proposed] Order lodged together with this motion, as well as upon the pleadings and other records on file with the Court in this matter, and upon such documentary evidence and oral argument as may be presented at or before the hearing on this motion.

DATED: June 5, 2025               **EMPLOYEES FIRST LABOR LAW**

_____
Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Jameson Evans, Esq.
*Attorneys for Plaintiffs, Michael Martinez,*
                    *Juan*              *Sanchez, and putative class members*

**EMPLOYEES FIRST LABOR LAW**
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

3

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
**MARTINEZ, ET AL. V. NATIONAL EWP, INC., ET AL.**

# TABLE OF CONTENTS

**PAGE**

1. SUMMARY OF MOTION ........................................................................ 1

2. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ................................. 1

3. SUMMARY OF THE SETTLEMENT ................................................................ 2

4. LEGAL STANDARD FOR APPROVAL OF CLASS ACTION SETTLEMENTS ................... 3

5. PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE ....... 4

    A. The Proposed Settlement is Well Within the Range of Reasonableness Given the Risk, Expense, Complexity, and Likely Duration of Further Litigation, and Risk of Maintaining the Class Action Status Through Trial. ....................................................................... 6

    B. The Proposed Settlement Resulted From Arm's Length Negotiations Based Upon Sufficient Investigation and Discovery ................................................................ 7

    C. The Amount Offered in Settlement is Fair, Reasonable, and Adequate. ........................... 9

    D. The Extent of Discovery Completed, Stage of the Proceedings, and the Presence of a Governmental Participant .................................................................... 11

    E. Experience and Views of Counsel ..................................................... 12

    F. The PAGA Settlement Award Is Reasonable ........................................... 13

    G. The Settlement Should Be Approved, As It Represents A Substantial Portion Of The Maximum Potential Recovery ................................................................ 14

    H. No Anticipation of Adverse Reaction of Class Members ................................. 16

6. CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE ................................ 16

    A. The Proposed Settlement Class Is Sufficiently Numerous, Such That Joinder Of All Members Is Impracticable.................................................................. 17

    B. Common Questions Of Law Or Fact Predominate......................................... 17

    C. The Claims Of Plaintiffs Are Typical Of The Claims Of The Class............................... 18

    D. Plaintiffs Can Adequately Represent The Class............................................ 19

7. REQUEST FOR CLASS COUNSEL FEES PAYMENT AND COSTS ..................................... 20

8. THE PROPOSED CLASS NOTICE IS ADEQUATE ..................................................... 22

9. APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR.............................................. 23

EMPLOYEES FIRST LABOR LAW<br>1 S. FAIR OAKS AVE., SUITE 200<br>PASADENA, CALIFORNIA 91105

4

10. PROPOSED DEADLINES FOR THE NOTICE PROCESS. ...................................... 23

11. APPROVAL OF THE CLASS REPRESENTATIVE ENHANCEMENT PAYMENT ........... 24

12. CONCLUSION .................................................................................................. 25

5

# TABLE OF AUTHORITIES

**PAGE**

**California Cases**

*7-Eleven Owners for Fair Franchising v. Southland Corp.*, (2000) 85 Cal.App.4th 1135 ............... 5

*Cartt v. Superior Court* (1975) 50 Cal.App.3d 960 ....................................................... 22-23

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794 ..................................................... 3, 4-5

*Estrada v. Dr. Pepper/Seven-Up*, Los Angeles County Superior Court, Case No. BC262247 (May 2005) ............................................................................................................ 21

*Ketchum v. Moses* (2001) 24 Cal. 4th 1122 ..................................................................... 21

*Lealao v. Beneficial Cal., Inc.* (2000) 82 Cal.App.4th 19 ................................................... 21

*Moore v. IKEA*, Los Angeles Superior Court, Case No. BC263646 (Sept. 2006) .......................... 21

*Nordstrom Commission Cases* (2010) 186 Cal.App.4th 576 ................................................. 4

*Reed v. United Teachers Los Angeles* (2012) 208 Cal.App.4th 322 ....................................... 4

*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224 ............................................. 5

**Federal Cases**

*Amchem Products, Inc. v. Windsor* (1997) 521 U.S. 591 ..................................................... 19

*Baby Neal for and by Kanter v. Casey* (3d Cir. 1994) 43 F.3d 48 ...................................... 18-19

*Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.* (S.D.N.Y. 1979) 480 F.Supp. 1195 ...... 21

*Churchill Vill. V. Gen. Elect.* (9th Cir. 2004) 361 F.3d 566 ............................................... 3

*City of Detroit v. Grinnell Corporation* (2d Cir. 1974) 495 F.2d 448 ................................. 4

*Class Plaintiffs v. City of Seattle* (9th Cir. 1982) 955 F.2d 1268 ..................................... 3, 4

*East Texas Motor Freight System Inc. v. Rodriguez* (1977) 431 U.S. 395 ............................. 19

*Gen. Tel. Co. of the N.W., Inc. v. EEOC* (1980) 446 U.S. 318 (1980) .................................. 17

*Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011 ............................................. 3-4, 5

**EMPLOYEES FIRST LABOR LAW**
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

6

*In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127 F.Supp.2d 418 ............................................................................................................................. 10

*In re Ampicillin Antitrust Litigation* (D. D.C. 1981) 526 F.Supp.494 ................................ 21

*Kim v. Allison* (2021) 8 F.4th 1170 ............................................................................. 3, 6

*Mendoza v. United States* (9th Cir. 1980) 623 F.2d 1338.......................................... 22-23

*Officers for Justice v. Civil Service Commission of City and County of San Francisco* (9th Cir. 1982) 688 F.2d 615 ................................................................................................... 3, 4

*Rannis v. Recchia* (9th Cir. 2010) 380 Fed. Appx. 646 (unpublished) ........................... 17

*Robidoux v. Celani* (2d Cir. 1993) 987 F.2d 931 ........................................................ 17

*Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294 ............................ 24

*Wal-Mart Stores, Inc. v. Dukes* (2011) 564 U.S. 338 ................................................... 17

**Other Authorities**

Conte & Newberg, *Newberg on Class Actions* (4th Ed.) .............................. 4, 10, 21, 22, 23, 23-24

*Manual for Complex Litigation* (4th ed. 2007) ..................................................... 22-23

**Statutes**

CAL. CIV. CODE § 1781 ............................................................................................ 22

FED. R. CIV. P. 23....................................................... 3, 9, 16, 17-18, 18, 19, 20, 22-23

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiffs Michael Martinez and Juan Sanchez ("Plaintiffs") respectfully seek preliminary approval of an unopposed class action settlement. Subject to Court approval, Plaintiffs and Defendants have agreed to resolve the claims of approximately 246 Class Members—including Plaintiffs—for $240,000.00, covering the period from March 10, 2019 through February 7, 2025 ("Class Period"). (Declaration of Jonathan LaCour "LaCour Decl." ¶ 16; Exhibit A.) The Settlement includes attorneys' fees and costs, settlement administration expenses, and a Class Representative Service Payment. No claim forms are required for Class Members to receive payment. The Settlement fully resolves all claims alleged in the Complaint.

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On March 10, 2023, Plaintiffs filed a class action in Imperial County Superior Court alleging California Labor Code violations, titled *Martinez, et al. v. National EWP, Inc., et al.*, Case No. ECU002811 (the "Martinez Action"). (LaCour Decl. ¶ 7.) The case was removed to federal court and is now pending before the Honorable Robert S. Huie in the Southern District of California. (*Id.*)

On September 28, 2023, the Parties participated in an Early Neutral Evaluation ("ENE") before the Honorable Lupe Rodriguez, Jr. ("Magistrate Judge"). (*Id.* ¶ 9.) Defendants informally produced paystubs and timesheets, which Class Counsel found

facially compliant. Plaintiffs assert the records understate hours worked; Defendants maintain they are accurate. (*Id.*)

On January 30, 2025, the Parties engaged in a Settlement Conference before the Magistrate Judge. (LaCour Decl. ¶ 10.) While an agreement in principle was reached, final terms were negotiated through February 4, 2025. (*Id.*) These arm's-length discussions followed a detailed evaluation of potential liability, risks, and costs. (*Id.*)

With the Magistrate Judge's assistance, the Parties finalized the Settlement. (*Id.*) Plaintiffs' counsel believes it is fair, reasonable, and in the Class's best interest given the facts, risks, and potential delays. (*Id.*)

## III.  <u>SUMMARY OF THE SETTLEMENT</u>

Under the Settlement Agreement, Defendants will pay a Gross Settlement Amount of $240,000.00 to resolve claims based on 3,118 Pay Periods worked by Class Members between March 10, 2019 and February 7, 2025. If Pay Periods are undercounted by more than 10%, the Escalator Clause in paragraph 15 requires Defendants to increase the Settlement Amount by $76.97 per Pay Period above 3,430. (Exhibit A.)

The Net Settlement Amount will be calculated by deducting the following: (1) up to 35% of the Gross Settlement Amount ($84,000.00) in attorneys' fees; (2) up to $3,343.36 for litigation costs; (3) up to $10,000 in administration fees; (4) $24,000.00 in PAGA penalties (75% to the LWDA, 25% to Aggrieved Employees); and (5) a Class

Representative Service Payment not to exceed $7,500.00, subject to Court approval. (LaCour Decl. ¶ 5.)

If the Escalator Clause is not triggered, at least $111,156.64 will remain as the Net Settlement Amount. (Exhibit A.) This amount will be automatically distributed to Class Members who do not opt out, based on their pro rata share of Workweeks worked during the Class Period ("Individual Settlement Payment"). (*Id.*)

## IV.  LEGAL STANDARD FOR APPROVAL OF CLASS ACTION SETTLEMENTS

Court approval is required to settle a class action. *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1800. Under Rule 23(e), a court may approve a settlement if it is "fair, reasonable, and adequate," considering: (1) adequate representation; (2) arm's-length negotiation; and (3) adequacy of relief. Fed. R. Civ. P. 23(e)(2); see also *Kim v. Allison* (2021) 8 F.4th 1170, 1178. Courts evaluate the risks and delays of continued litigation, the distribution method, attorneys' fees, related agreements, and equitable treatment of class members. Fed. R. Civ. P. 23(e)(2)(C).

Class action settlements are strongly favored. See *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Trial courts have broad discretion in settlement approval, and

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

decisions are reviewed only for clear abuse of discretion. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

Class settlement approval proceeds in two steps: (1) preliminary review, and (2) final review after notice to the class. Newberg, *Newberg on Class Actions* § 11.24 (4th ed.). This process ensures due process and allows the Court to safeguard class interests.

At the preliminary stage, courts need not determine final fairness, which is reserved for final approval, or resolve factual or legal disputes. *City of Detroit v. Grinnell Corp.* (2d Cir. 1974) 495 F.2d 448, 456; *Officers for Justice*, 688 F.2d at 625. Courts may grant preliminary approval without formal hearing, in their discretion. Newberg § 11.25.

## V.  PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

To grant preliminary approval, the Court must find the proposed class settlement is fundamentally fair, adequate, and reasonable, and not the product of fraud, collusion, or overreaching. *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1800; see also *Reed v. United Teachers Los Angeles* (2012) 208 Cal.App.4th 322, 337; *Nordstrom Commission Cases* (2010) 186 Cal.App.4th 576, 581; *Class Plaintiffs*, 955 F.2d at 1276. While a PAGA plaintiff need not meet class action settlement standards, general principles governing class settlements apply. *Arias v. Superior Court* (2009) 46 Cal.4th 969, 975.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

4

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
MARTINEZ, ET AL. V. NATIONAL EWP, INC., ET AL.**

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

Courts have broad discretion to determine whether a settlement is fair under the circumstances. *Dunk*, supra, at p. 1801. Relevant factors include: the strength of the plaintiff's case, the risks, expense, complexity, and likely duration of further litigation, the risk of maintaining class status through trial, the amount offered, the extent of discovery completed, the stage of proceedings, and the experience and views of counsel. (*Id.*) The list is not exclusive, and courts may balance and weigh factors based on the circumstances of each case. *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 245; *City of Seattle*, supra, at p. 1276. Courts also give proper deference to the parties' private, consensual resolution. *Hanlon, supra,* 150 F.3d at p. 1027. Compromise is inherent in settlement, and courts take this into account when evaluating the amount offered. *Id.* at p. 250.

The burden lies with the settlement proponent to demonstrate fairness. *Id.*, at p. 245. However, a presumption of fairness arises where: (1) the settlement was reached through arm's-length bargaining, (2) investigation and discovery were sufficient to permit informed decision-making, (3) counsel is experienced in similar matters, and (4) few class members object. *Id.; Dunk*, supra, at p. 1802; *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135. Likewise, federal courts consider similar factors, including the strength of the case, risks and costs of further litigation, likelihood of maintaining class certification, settlement amount, discovery completed, procedural stage, experience and views of counsel, presence of a

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

governmental participant, and class members' reaction. *Staton v. Boeing Co.* (2003) 327 F.3d 938, 959.

> **a. The Proposed Settlement Is Well Within the Range of Reasonableness Given the Risk, Expense, Complexity, and Likely Duration of Further Litigation, and Risk of Maintaining the Class Action Status Through Trial**

The proposed $240,000.00 Settlement falls well within the range of reasonableness. Based on discovery, Plaintiffs' counsel believes Plaintiffs and the Class have a reasonable likelihood of success on their claims. (LaCour Decl. ¶¶ 14–15.) Nonetheless, a substantial settlement now is preferable to the significant risks posed by continued litigation, including Defendants' defenses, and is in the best interest of Class Members.

Absent settlement, this case would have proceeded to trial. (See *Kim v. Allison*, supra, at 1178, courts assess settlement fairness in light of the likely duration, expense, and complexity of litigation, and risk of maintaining class status through trial). The case would have required voluminous expert discovery and competing trial plans, with Defendants likely challenging the propriety of a class-wide trial throughout. A jury trial would span several weeks and involve testimony from parties, class members, experts, and percipient witnesses. As with any jury trial, the risks are considerable—particularly where nearly 250 absent class members are involved.

Even if Plaintiffs prevailed, the judgment would likely face appeals, exposing both sides to risk. Plaintiffs' verdict could be overturned, or a defense ruling reversed. A money judgment would also require bonding, accrue interest during the pendency of appeal, and delay any recovery for Class Members. Class Counsel could spend years defending the result on appeal, during which time Class Members would receive nothing.

Although Class Counsel has previously taken class actions to trial and stands ready to do so here, the guaranteed benefit of a six-figure recovery for a large group of lower-wage earners now outweighs the uncertainty of protracted litigation. For these reasons, Class Counsel is confident the proposed settlement serves the Class's best interests.

**b. The Proposed Settlement Resulted from Arm's Length Negotiations Based Upon Sufficient Investigation and Discovery.**

The parties have actively litigated this case since its filing in March 2023, including investigations, initial disclosures, and the exchange of documents—such as sample payroll records—before and during the Settlement Conference presided over by the Magistrate Judge. (LaCour Decl. ¶¶ 3, 8–15, 42.) As detailed above and as further set forth in Plaintiffs' forthcoming Motion for Class Counsel Fees Payment, the parties engaged in meaningful discovery and investigation. (*Id.*)

Before the arms'-length Settlement Conference, Class Counsel conducted significant informal discovery, including review and analysis of a substantial volume of documents and data produced by Defendants. (*Id.*) This included Plaintiffs' and Class Members' employment records, time and pay data, employee handbooks, and other relevant materials. (*Id.*)

During the Settlement Conference and follow-up negotiations, the parties exchanged information and discussed the risks and delays of further litigation, the available evidence, and the possibility of proceeding to trial. (*Id*. ¶ 10.) Class Counsel considered the straightforward nature of wage-and-hour claims, class size, commonality among Class Members, and Defendants' resources. (*Id.*) Plaintiffs were interviewed and corroborated each other's accounts. Class Counsel estimated exposure based on Defendants' data extrapolated over the statutory period. (*Id*. ¶¶ 9–15.)

Defendants, in turn, considered employment policies stated in their handbooks, supervisor reports confirming instructions to take compliant breaks, and internal records showing timely final pay. (*Id*. ¶ 9.) They also asserted that a class of 246 was the largest reasonably supportable size, given their limited California operations. Defendants contended their practices were compliant, and that employees were properly paid, provided breaks, and reimbursed. (*Id.*)

All settlement negotiations occurred at arm's length, in an adversarial posture, and with the Magistrate Judge's assistance. (*Id*. ¶¶ 9–10.) Reaching an agreement was

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

8

difficult, as both sides strongly believed in the merits of their respective positions. (*Id.*) Ultimately, after extensive negotiations and careful consideration of the risks and costs of continued litigation, the parties determined that settlement was in their best interests. (*Id.* ¶¶ 14–15.)

### c.    The Amount Offered in Settlement is Fair, Reasonable, and Adequate

The proposed Settlement reflects an assessment of both sides' strengths and weaknesses and the uncertainty of trial outcomes. (LaCour Decl. ¶¶ 8–32.) Class Counsel reviewed documents, conducted extensive legal research into Defendants' defenses, and based the Settlement on substantial facts, evidence, and investigation. (*Id.*) Drawing on significant experience in California wage-and-hour class actions, Class Counsel determined that the risks, expense, and complexity of litigation outweighed the benefits of proceeding to trial. (LaCour Decl. ¶¶ 26–30.) The parties engaged in extensive, arms'-length negotiations over multiple hours before reaching agreement. (*Id.* ¶¶ 9–10.)

Under Rule 23(e)(2), courts evaluate: (A) whether the class representative and counsel have adequately represented the class; (B) whether the proposal was negotiated at arm's length; (C) whether the relief is adequate, considering (i) the costs, risks, and delay of trial and appeal; (ii) the distribution method; (iii) proposed attorneys' fees and payment timing; and (iv) any agreements under Rule 23(e)(3); and (D) whether the proposal treats class members equitably. *Fed. R. Civ. P.* 23(e)(2).

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

The $240,000.00 Settlement represents a fair resolution. (LaCour Decl. ¶¶ 8–32.) It was calculated based on data obtained through formal and informal discovery and investigation, balancing litigation risks and rewards, and constitutes a substantial recovery for the Class under the circumstances. (*Id*. ¶¶ 11–13.)

The Settlement provides a pre-tax Net Settlement Amount of at least $111,156.64, to be automatically distributed to Class Members without requiring claim forms. (*Id*. ¶ 5.) Each Class Member's share will be based on the number of Pay Periods worked during the Class Period. (Exhibit A.) This equates to a gross recovery of at least $35.64 per Pay Period ($111,156.64 Net Settlement Amount / 3,118 Pay Periods), or $451.85 per Class Member ($111,156.64 / Net Settlement Amount / 246 Class Members). (LaCour Decl. ¶ 19.)

There is no basis to question the fairness of the allocation plan for preliminary approval. Even at final approval, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by experienced and competent class counsel." *In re American Bank Note Holographics, Inc. Securities Litigation* (S.D.N.Y. 2001) 127 F.Supp.2d 418, 429–30. Here, Class Counsel—experienced and well-versed in this type of litigation—believes the proposed Settlement is fair, reasonable, and in the Class's best interests. (LaCour Decl. ¶ 15; *Newberg* §11.47.)

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

The Settlement also adequately serves the interests of absent Class Members, guaranteeing them a monetary recovery they may not receive if litigation continued. While Class Counsel remains confident in the claims, the possibility of a trial loss must be candidly acknowledged. The $240,000.00 Gross Settlement compensates 3,118 Pay Periods, with an Escalator Clause ensuring a proportional increase if Pay Periods are undercounted by more than 10%. (Exhibit A.) This structure protects the settlement fund and ensures fair distribution.

Following arms'-length negotiations, including sessions before a Magistrate Judge, Class Counsel concluded that securing a near quarter-million-dollar recovery now is in the Class's best interest, especially given the risk of no recovery through continued litigation. (LaCour Decl. ¶¶ 9–15.) Accordingly, the Court should grant preliminary approval of the Settlement.

### d.  The Extent of Discovery Completed and the Stage of the Proceedings and the Presence of a Governmental Participant.

Since this case was filed in March 2023, the parties have actively litigated the matter, including ongoing investigations and the exchange of initial disclosures and documents—such as sample payroll records—before and during the Settlement Conference presided over by a Magistrate Judge. (LaCour Decl. ¶¶ 3, 8–15, 42.) Class Counsel conducted significant informal discovery, including review and analysis of a large volume of documents and class data produced by Defendants. (*Id*. ¶¶ 9–10.) This

11

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

included employment records for Plaintiffs and Class Members, detailed time and pay data, Defendants' employee handbooks, and other relevant materials. (*Id.*)

During the Settlement Conference and subsequent negotiations, the parties exchanged information and discussed case risks, potential delays, produced evidence, and the prospect of trial. (*Id.*) Plaintiffs developed a potential exposure model by analyzing Plaintiffs' and Class Members' time records and extrapolating Defendants' data across the statutory period. (*Id.* ¶¶ 11-13.)

Defendants, in turn, evaluated their handbook policies, supervisor reports confirming compliant break instructions, and internal records reflecting timely final pay and reimbursed business expenses. (*Id.* ¶¶ 9-10.)

Plaintiffs conducted informal discovery to assess the value and merit of their claims. (*Id.* ¶¶ 8–32.) The discovery obtained enabled Plaintiffs to build a damages model and evaluate Defendants' asserted defenses. (*Id*. ¶¶ 9–21.) As set forth in the Declaration of Jonathan LaCour, Class Counsel analyzed Plaintiffs' primary claims before entering into settlement, though the value of those claims was discounted given the risks of continued litigation. (*Id*. ¶¶ 8–32.)

**e.  Experience and Views of Counsel.**

Plaintiffs are represented by experienced counsel. Employees First Labor Law, P.C. ("EFLL") has substantial experience litigating representative and class actions involving wage-and-hour claims, including numerous successful cases in California.

12

(*Id*. ¶¶ 26–30.) Based on that experience, Class Counsel believes this Settlement is fair, reasonable, and adequate. (*Id.* ¶ 15.)

### f.   The PAGA Settlement Award Is Reasonable

The proposed $24,000.00 PAGA settlement is fair and reasonable in light of PAGA's purposes and policies. As required by statute, 75% ($18,000.00) will be distributed to the Labor and Workforce Development Agency ("LWDA"), and 25% ($6,000.00) to Aggrieved Employees. The PAGA Period—defined in the Settlement Agreement—runs from March 10, 2022 through February 7, 2025, and includes all non-exempt employees employed by Defendants in California during that time. (Exhibit A.)

This allocation complies with Labor Code §§ 2699(f) and 2699(i), and meets judicial standards for fairness in PAGA settlements. See *Rincon v. W. Coast Tomato Growers, LLC*, No. 13-CV-2473-JLS-KSC, 2018 WL 828104, at *2 (S.D. Cal. Feb. 12, 2018) (PAGA awards must not be "unjust, arbitrary and oppressive, or confiscatory"). The proposed distribution avoids these concerns by tying compensation directly to the number of pay periods worked—an objective and reasonable approach.

The Settlement sets forth a clear, data-driven formula using Defendants' payroll records, which the Settlement Administrator will verify after preliminary approval. This structure ensures proportionate payments, furthers PAGA's public enforcement goals, and compensates Aggrieved Employees for vindicating state rights**.**

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

13

**g. The Settlement Should Be Approved, As It Represents A Substantial Portion Of The Maximum Potential Recovery**

In evaluating the adequacy of a settlement, courts compare the amount offered with the maximum protentional recovery. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Preliminary approval of a settlement is appropriate if (1) if appears to be the product of "serious, informed, and non-collusive negotiations"; (2) "has no obvious deficiencies"; (3) "does not improperly grant preferential treatment to class representatives or segments of the class"; and (4) "falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

| Blended Hourly Rate | $      19.00 | Estimates |
|---|---|---|
| Meal Breaks | $ 118,676.00 | (2X per week) |
| Rest Periods | $ 118,676.00 | (2X per week) |
| Overtime | $   22,237.74 | (0.25 hours per week) |
| Paystubs | $ 148,000.00 | |
| Total | $ 408,389.74 | |

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

Here, the Settlement Amount of $240,000.00 represents a substantial portion—well over half—of Defendants' maximum potential exposure, which Plaintiffs calculated as $408,389.74. The methodology used to arrive at this figure is reasoned, data-driven, and accurate, if not over-inclusive, particularly given the evidentiary and legal challenges Plaintiffs face in establishing liability and damages at trial. (LaCour Decl. at ¶¶ 11-13.) Plaintiffs calculated Defendants' maximum potential exposure on an individual basis for each individual Class Member, by implementing the number of weeks worked by individual Class Members into the formulas outlined in the Declaration of Jonathan LaCour and adding the sum of those figures to determine the maximum potential recovery[1]. This case-specific analysis of the Class Members' employment histories reflects a serious and informed assessment of Defendants' maximum potential liability. Given that the $240,000.00 Settlement Amount exceeds 58% of that maximum exposure, and in light of the risks of litigation, the possibility of no recovery, and the delays inherent in further proceedings, the Settlement is not only within the range of possible approval—it is an objectively strong result that provides meaningful compensation to the Class.

---

[1] The formulas applied to data produced by Defendants in informal discovery is expanded upon further in the declaration of Jonathan LaCour ¶¶ 11-13.

15

### h.  No Anticipation of Adverse Reaction of Class Members

Neither Counsel nor the parties have any information or belief that any class members are adverse to a proposed settlement. (*Id.* at ¶¶ 31-32.)

## VI.  <u>CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE.</u>

Federal Rule of Civil Procedure 23 permits class actions where: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Fed. R. Civ. P.* 23(a).

While Defendants contest class certification for litigation, the parties agree that, for settlement purposes, the Settlement Class is ascertainable and sufficiently numerous; common questions of law and fact predominate; Plaintiffs' claims are typical; a class action is the superior method for resolving the claims; Class Counsel will adequately protect Class Members' interests; and individual actions risk inconsistent results. (LaCour Decl. ¶ 17.) Accordingly, the Settlement Class satisfies the criteria for certification for settlement purposes.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

### a.  The Proposed Settlement Class Is Sufficiently Numerous, Such That Joinder Of All Members Is Impracticable.

"The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the N.W., Inc. v. EEOC*, 446 U.S. 318, 330 (1980). Exact class size or member identities are not required. *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). In the Ninth Circuit, classes of 40 or more are generally deemed sufficiently numerous, though even smaller classes may satisfy the requirement. *Rannis v. Recchia*, 380 Fed. Appx. 646, 650–51 (9th Cir. 2010) (unpublished).

Here, the proposed Settlement Class includes approximately 246 non-exempt employees who worked for Defendants in California during the Class Period, from March 10, 2019 through February 7, 2025. (LaCour Decl. ¶ 5; Exhibit A.) This satisfies numerosity. See *Ghazaryan v. Diva Limousine, Ltd.* (2008) 169 Cal.App.4th 1524, 1531 n.5. Additionally, all Class Members will be identified from Defendants' records and provided to the Settlement Administrator.

### b.  Common Questions Of Law Or Fact Predominate.

Federal Rule of Civil Procedure 23(a)'s commonality requirement is met when class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011)**.** Additionally, while *Fed. R. Civ. P.* 23(a) focuses on common

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

17

*questions* of law or fact, of equal importance is the ability of a class-wide proceeding to provide common *answers* that will drive the litigation toward resolution. (*Id*. at p. 350).

Here, common factual and legal issues predominate for settlement purposes. Plaintiffs and Class Members were employed as non-exempt employees by Defendants in California. (LaCour Decl. ¶ 17.) Plaintiffs allege that Defendants engaged in uniform wage-and-hour violations affecting the entire Class. (*Id.*) Because the same policies and practices applied to all Class Members, Plaintiffs contend certification would have been straightforward. (*Id.*) A determination that one employee suffered Labor Code violations would help resolve whether others were similarly affected.

### c.  The Claims Of Plaintiffs Are Typical Of The Claims Of The Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Fed. R. Civ. P*. 23(a)(3). This ensures the action can be efficiently maintained and that the named plaintiffs' interests align with those of absent class members. *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994). Typicality bars certification only where the named plaintiffs' legal theories conflict with those of the class. (*Id.*).

Identical injuries or facts are not required; typicality exists when plaintiffs' and class members' claims arise from the same conduct and are based on the same legal

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

theory. (*Id.* at 58.) A named plaintiff may represent others with varying injuries so long as all result from the same challenged conduct. (*Id.*) Cases asserting the same unlawful behavior generally satisfy typicality despite factual differences. (*Id.*).

Here, Plaintiffs and Class Members were employed by Defendants in non-exempt positions in California. (LaCour Decl. ¶ 17.) Due to Defendants' uniform practices, Plaintiffs allege Class Members were denied compliant breaks, not paid required premiums, and were underpaid. These claims stem from the same statewide wage-and-hour policies and are based on identical legal theories under California labor law. (*Id.*) Although individual damages may vary, Plaintiffs' claims are central and typical of the Class. (*Id.*)

Accordingly, Rule 23(a)(3)'s typicality requirement is met. See *Baby Neal*, *supra*, 43 F.3d at p. 57–58.

### d.  Plaintiffs Can Adequately Represent The Class

Rule 23(a)(4) requires that the named plaintiffs "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy inquiry ensures there are no conflicts of interest between the named plaintiffs and the class. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). To be adequate, class representatives must also be members of the class. *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).

19

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

Here, Plaintiffs meet this requirement. They were employed by Defendants in non-exempt roles in California during the Class Period (March 10, 2019 through February 7, 2025), and were subject to the same policies underlying the claims in this action. (LaCour Decl. ¶¶ 5, 17; Exhibit A.) Plaintiffs challenge the same wage-and-hour violations as the Class—including denial of compliant breaks and unpaid wages—based on the same legal theories. They have no conflicts with Class Members and seek identical relief. (*Id.* ¶ 17.)

Accordingly, Plaintiffs satisfy Rule 23(a)(4), and the Court should provisionally certify the Class for settlement purposes.

## VII.    REQUEST FOR CLASS COUNSEL FEES PAYMENT AND COSTS

Class Counsel's work in this case was extensive and ultimately successful in securing a meaningful settlement. Counsel conducted informal investigations, interviewed Class Members, reviewed substantial data and documents from Defendants, and participated in lengthy settlement negotiations before the Magistrate Judge. (LaCour Decl. ¶¶ 8–32.) Additional details regarding time expended and efforts undertaken will be submitted with the final fairness hearing. (*Id.*)

Plaintiffs' counsel will request attorneys' fees of up to 35% of the Settlement Amount and litigation costs not to exceed $3,343.36—both unopposed by Defendants. This request reflects the risk assumed, time and resources devoted, skill exercised, outcomes achieved, and other matters declined in favor of this case. (LaCour Decl. ¶¶

20

32–44.) The proposed Class Notice informs Class Members of the fees and costs request. (Exhibit B.)

Courts have broad discretion in awarding fees, and such decisions are reviewed only for manifest abuse of discretion. *Lealao v. Beneficial Cal., Inc.* (2000) 82 Cal.App.4th 19, 41; *Staton v. Boeing Co.* (2003) 327 F.3d 938, 953. Trial judges are best positioned to assess the value of professional services rendered. *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132. California law provides that fee awards should reflect prevailing market rates and account for both risk and results. *Lealao*, supra, at pp. 47, 50. Where recovery is based on a common fund and the defendant agrees to a percentage-based fee, use of the percentage method is appropriate. (*Id.* at 32.)

A 35% fee is objectively reasonable. Courts have awarded up to 50% depending on case complexity. See Newberg § 14.03; *In re Ampicillin Antitrust Litig.* (D.D.C. 1981) 526 F.Supp. 494 (45%); *Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.* (S.D.N.Y. 1979) 480 F.Supp. 1195 (53%). In California wage-and-hour cases, one-third is routinely approved. See *Estrada v. Dr. Pepper/Seven-Up*, L.A. Super. Ct. Case No. BC262247; *Moore v. IKEA*, L.A. Super. Ct. Case No. BC263646.

Class Counsel bore all litigation risk and costs without compensation unless recovery was achieved. (LaCour Decl. ¶¶ 8–32.) With deep experience in wage-and-hour litigation, they achieved a fair result. (*Id.* ¶¶ 26–30.) Given the work performed,

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

outcome secured, and risk assumed, the requested fees and costs are reasonable and should be awarded.

## VIII.    THE PROPOSED CLASS NOTICE IS ADEQUATE.

California law affords courts broad discretion in approving class notice procedures. See Cal. Civ. Code § 1781; *Cartt v. Superior Court* (1975) 50 Cal.App.3d 960, 973–74. The parties have agreed to appoint a Settlement Administrator to mail Notice Packets, verify opt-outs, issue tax forms, check addresses against the U.S. Postal Service's National Change of Address List, and distribute settlement checks via first-class mail. Defendants will provide Class Data within 14 days of preliminary approval, and the Administrator will prepare a payment calculation spreadsheet for review by counsel.

Each Notice Packet will include the Class Notice, exclusion request form, objection form, and dispute form. Class Members will be fully advised of the Settlement and their options to object, opt out, dispute Workweeks, or request exclusion. The proposed Notice mirrors those routinely approved in state and federal courts and meets all procedural requirements.

The proposed process also satisfies the neutrality standard for class notices. See Newberg § 8.39. Notices must provide "sufficient information about the case…to enable class members to make an informed decision." *Manual for Complex Litigation* § 21.311 at p. 413 (4th ed. 2007). Here, the Notice clearly summarizes the proceedings

22

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

and Settlement terms, in line with due process. See *Mendoza v. United States* (9th Cir. 1980) 623 F.2d 1338; Fed. R. Civ. P. 23(c)(2), 23(e); Newberg §§ 8.21, 8.39; *Manual* §§ 21.311, 21.312; *Cartt*, supra, at 960.

Accordingly, the Court should approve the proposed Class Notice procedure.

## IX.    APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR.

Plaintiffs respectfully request that CPT Group, Inc. ("CPT"), a reputable and experienced third-party administrator, be appointed as the Settlement Administrator. CPT will: (1) print and mail Class Notices via First Class mail; (2) establish a mailing address and toll-free number for inquiries; (3) receive and process opt-outs, objections, and disputes regarding personnel and payroll data; (4) handle Class Member inquiries; (5) calculate individual settlement shares; (6) issue settlement checks and tax forms; and (7) perform all other customary duties in class action administration.

CPT's total fees and expenses are estimated not to exceed $10,000. Accordingly, the Court should appoint CPT as Settlement Administrator and authorize it to distribute Class Notices consistent with the proposed schedule below.

## X.    PROPOSED DEADLINES FOR THE NOTICE PROCESS.

Plaintiffs also request that the Court approve the proposed notice deadlines at this preliminary approval stage, as outlined in the Settlement Agreement. See Newberg

23

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
**MARTINEZ, ET AL. V. NATIONAL EWP, INC., ET AL.**

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

§ 11.26. The notice process involves mailing the Class Notice to all known and reasonably ascertainable Class Members based on Defendants' payroll records.

Within fourteen (14) calendar days of preliminary approval, Defendants will provide CPT with the Class Data. Within ten (10) calendar days of receiving the Class List, CPT will mail the Class Notice via First Class mail. Each Notice will include the Class Member's estimated Workweeks and Individual Settlement Payment. No later than ten (10) calendar days after Defendants deposit the Settlement Amount, CPT will mail the Individual Settlement Payments to Class Members.

## XI. APPROVAL OF THE CLASS REPRESENTATIVE SERVICE PAYMENT.

Plaintiffs request approval of a $7,500 Class Representative Service Payment—split equally between them—for their efforts in representing the Class and securing this Settlement. Courts have discretion to award such payments. *Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294, 299 (approving $50,000 award to a single representative). Factors courts consider include: (1) risks faced by the representative; (2) notoriety or difficulties encountered; (3) time and effort expended; (4) litigation duration; and (5) any personal benefit obtained. (*Id.*).

The requested award is fair and justified. Plaintiffs invested substantial time and effort gathering documents, providing facts, and attending Settlement Conferences. (LaCour Decl. ¶¶ 45–50.) They remained accessible to Class Counsel and actively

24

sought information benefiting the Class. (*Id.*) Plaintiffs also assumed significant risk in suing their employer, potentially affecting future job prospects. (*Id.*).

By bringing this action, Plaintiffs secured a substantial recovery for the Class but may face future hiring disadvantages compared to individuals who have not sued a prior employer. (*Id.*) In light of their time, service, and personal risk, a $7,500 enhancement - or $3,750 each - in addition to their Settlement shares is appropriate and just.

## XII.    <u>CONCLUSION</u>

Plaintiffs respectfully requests the Court preliminarily approve the proposed Settlement.

Respectfully Submitted,

DATED: June 5, 2025          **EMPLOYEES FIRST LABOR LAW**

/s/ Jonathan P. LaCour

_____

Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Jameson Evans, Esq.
*Attorneys for Plaintiff, Michael Martinez, Juan Sanchez, and putative class members*

**EMPLOYEES FIRST LABOR LAW**
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1  CASE NO.: 3:23-cv-00837-RSHLR

2    I am employed in the County of Los Angeles, State of California, I am over the age of 18

3  and not a party to the within action; my business address is: 1 S. Fair Oaks Ave., Suite 200 Pasadena, California 91105. On June 5, 2025, I served the foregoing document described as:

4

5  **PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

6  **DECLARATION OF JONATHAN LACOUR, ESQ. IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

7

8  **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

9

10  on all interested parties in this action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

11  **SEE ATTACHED SERVICE LIST**

12

13  ☒    **BY ELECTRONIC SERVICE:** Pursuant to *Fed Rule of Procedure 5* I also caused such documents to be served electronically at the e-mail addresses stated on the attached service list. Such e-mail transmissions were complete with no errors reported.

14

15  MARK S. POSARD (SBN: 208790)
mposard@grsm.com

16  JENNIFER M. HOLLY (SBN: 263705)
jholly@grsm.com

17  HEATHER T. DAIZA (SBN: 323272)
hdaiza@grsm.com

18  GORDON REES SCULLY MANSUKHANI, LLP

19  633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

20  Telephone: (213) 576 5000
Facsimile: (213) 680-4470

21

22  Attorneys for Defendants, NATIONAL EWP, INC., SIMON JOHNSON, and KEVIN SIMPSON

23    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 5, 2025, at Pasadena, California.

24

25    ___/s/ Miguel Asuncion_____
Miguel Asuncion

26

27

28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

26